UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
VERA KAYKY,                             )
                                        )
                                        )   No. C15-0488RSL
                                        )
                    Plaintiff,          )
            v.                          )
                                        )   ORDER DENYING MOTION
THE BOEING COMPANY,                     )   TO DISMISS
                                        )
                    Defendant.          )
_____)

This matter comes before the Court on "Defendant The Boeing Company's 12(b)(6) Motion to Dismiss." Dkt. # 9. Plaintiff's complaint and the Equal Employment Opportunity Commission ("EEOC") documents provided by defendant,[1] taken in the light most favorable to plaintiff, support the following inferences: Plaintiff was harassed and discriminated against while employed at Boeing based on her national origin. Her internal complaints went unheeded, and she filed a charge with the EEOC on February 27, 2014. Boeing terminated plaintiff's employment while the EEOC investigation was proceeding. When the EEOC issued a "right to sue letter," plaintiff timely filed this action asserting claims of national origin discrimination and retaliatory discharge. In its motion, Boeing seeks dismissal of all claims arising out of events that occurred after February 27, 2014, including the termination, on the ground that plaintiff has not

---

[1] The Court has not considered plaintiff's untimely opposition or the arguments defendant first raised in reply.

ORDER DENYING MOTION TO DISMISS

adequately pled that she exhausted her administrative remedies.

The Court disagrees. Plaintiff expressly alleges, "February 27, 2014 Ms. Kayky filed a charge with the EEOC alleging violations of Title VII by Defendant, the Boeing Company. All conditions precedent to the institution of this law suit have been fulfilled." Dkt. # 1 at 3. While a conclusory assertion of exhaustion will not carry the day, plaintiff also describes a series of discriminatory acts, both before and after she filed her EEOC charge, and provides facts from which one could reasonably infer that her termination was another example of discriminatory conduct, retaliation for her protected activity, or both. The termination occurred while plaintiff's charge was being considered by the agency and, according to plaintiff, was causally connected to both the charge and the employer's discriminatory intent. Under Ninth Circuit law, claims of discrimination and retaliation are considered exhausted if they are specifically identified in the EEOC charge, if they "are like or reasonably related to the allegations contained in the EEOC charge," or if they "are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099-1100 (9th Cir. 2002); Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003). This inquiry applies to "allegations occurring not only before, but also after the filing of [plaintiff's] EEOC charge." Sosa v. Hiraoka, 920 F.2d 1451, 1456-57 (9th Cir. 1990). "To force an employee to return to the . . . agency every time he claims a new instance of discrimination in order to have the EEOC and the courts consider the subsequent incidents along with the original ones would erect a needless procedural barrier." Oubichon v. N. Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973). In its motion, Boeing fails to acknowledge, much less address, the facts alleged in the complaint or the governing law, instead simply pointing out that a Title VII plaintiff must exhaust her administrative remedies.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim is facially plausible when the plaintiff pleads factual content that

ORDER DENYING MOTION TO DISMISS            -2-

1 allows the court to draw the reasonable inference that the defendant is liable for the misconduct
2 alleged." Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013). Taking the allegations of
3 the complaint as true and drawing all reasonable inferences in favor of plaintiff (In re Fitness
4 Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013)), the Court finds that plaintiff has
5 adequately pled that she has exhausted her administrative remedies as to both the discrimination
6 and retaliation claims.

   For all of the foregoing reasons, defendant's motion to dismiss (Dkt. # 9) is DENIED.

   Dated this 20th day of November, 2015.

   _____
   Robert S. Lasnik
   United States District Judge

ORDER DENYING MOTION TO DISMISS         -3-